# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—OCTOBER TERM, 1896.

## William A. Paulsen and Junius V. Paulsen v. Charles C. Haskin, Clark B. Samson, Trustee, and Mary A. Nash.

1. FRAUD—*Relief Against, Affirmatively and by Way of Defense.*— A traded the plant and property of a manufacturing company to B in exchange for real estate, to which there were trust deeds to C and D, A assuming and agreeing to pay the notes secured by said trust deeds. At a subsequent date A sold the property he had secured to E, and later C commenced foreclosure proceedings under his trust deed. D filed a cross-bill in this suit, praying that A and B be decreed to pay the amount found to be due to him, and that his trust deed be foreclosed, and A and E filed an answer to such cross-bill, and a cross-bill of their own, both alleging that the trust deed to D was made in order to raise money to pay certain debts of the manufacturing company for which E was personally liable; that said debts had not been paid; that D had knowledge of this agreement, and that he paid nothing for his trust deed or the note secured thereby; the cross-bill also prayed that the note and trust deed held by D might be declared null and void as between B and D, and be held for naught as against A and as a lien upon the property. *Held,* that A and E were not entitled to the affirmative relief asked by their cross-bill, but that the facts alleged were, if proved, a good defense against the cross-bill of D.

**Foreclosure Proceedings.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1896. Affirmed in part and reversed in part. Opinion filed January 7, 1897.

THOMAS J. HOLMES, attorney for appellants.

SAMSON & WILCOX, attorneys for Charles C. Haskin and Clark B. Samson, trustee, appellees.

GEORGE W. BROWN, attorney for Mary A. Nash, appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellees, Haskin as owner of a note for $1,000, made by one Powers, and Samson as trustee in a trust deed made by Powers to secure said note, united in a bill to foreclose said trust deed. The trust deed was subject to a prior one upon the same premises, for $28,000, and the premises were what are known as the "Chautauqua Flats."

George W. Brown, as trustee in a subsequent trust deed, made by said Becker to secure his note for $5,000, dated October 9, 1895, and payable sixty days after date, and the appellee Mary A. Nash, who was the holder of said note, were among the defendants to the bill, as was also the appellant William A. Paulsen.

Said Mary A. Nash answered and set up that she was interested in the premises by being the legal holder and owner of said $5,000 note, and asked to have the amount due thereon included in the decree of sale. She also filed her cross-bill to foreclose the trust deed from Becker to Brown, which was given to secure said note, and alleged that said W. A. Paulsen had, in part consideration of the conveyance to him of the premises, assumed and agreed to pay said note, and prayed, among other things, that Becker and Paulsen be decreed to pay to her whatever sum might be found to be due on the note.

Afterward the two appellants, William A. Paulsen and Junius V. Paulsen, both of whom were parties defendant to the cross-bill of Mary A. Nash, and answered the same, filed their cross-bill praying that said $5,000 note and trust deed might be declared null and void as between the maker

thereof, Becker, and said Mary A. Nash, and be held for
naught as against said William A. Paulsen, and as a lien
against the premises, and might be canceled.

The allegations of the cross-bill of the Paulsens, which
form the basis for the relief asked by it, can not be more
briefly and satisfactorily stated than by quoting from the
abstract, as follows:

" Sets forth filing of original and cross-bill; also that in-
terest of Junius V. Paulsen in premises described in bill and
cross-bill of Mary A. Nash he derived through quit-claim
deed from his brother, W. A. Paulsen, for good and valuable
consideration, recorded, etc., in Cook county, Illinois; that
W. A. Paulsen obtained title to same premises through
warranty deed from Louis A. Becker and wife, recorded,
etc., in Cook county, Illinois; that at the time of the con-
veyance to said Paulsen the same were then incumbered
by the trust deed to Clark B. Samson, trustee, described
in original bill; that said premises were also incumbered
by a prior trust deed to one John J. Knickerbocker, trustee,
securing note of $28,000; that W. A. Paulsen received
said premises from Louis A. Becker in exchange for certain
property belonging to, and the plant of, the Spring Motor
Co., at Dixon, Illinois; that at time of making exchange,
Louis A. Becker was not the real owner of said premises
known as Chautauqua Flats; Thos. C. Nash, his father-in-
law, was real owner; that title was allowed to remain in
said Becker for sake of convenience; that at time of
exchange of said properties there were debts due and owing
from Spring Motor Co. to various creditors, for which the
said J. V. Paulsen was personally liable, together with said
company; that as part of consideration for said exchange, it
was agreed between W. A. Paulsen, Thomas C. Nash and
Louis A. Becker, that $5,000 note and trust deed, sought to
be foreclosed in cross-bill of Mary A. Nash, be executed by
said Becker, and that said note and trust deed should be
hypothecated by said Becker and with proceeds pay off the
indebtedness against said Spring Motor Co., and thereby
release said J. V. Paulsen from liability for same, which

was part of consideration for the whole transaction, and which note and trust deed, in consideration thereof, said W. A. Paulsen assumed to pay, together with said $1,000 note, mentioned in original bill, as well as $28,000 note and trust deed to Jno. J. Knickerbocker, trustee; that it was expressly agreed between said Becker and W. A. Paulsen and there was absolutely no consideration for said $5,000 note and trust deed passing to said Becker, but as part of consideration of whole transaction said note and trust deed were given with the express understanding and agreement that same should be sold and with the proceeds said Becker was to pay off the indebtedness of said Spring Motor Co., as aforesaid, which was part of consideration for exchange of property and plant belonging to said Spring Motor Co. for premises described in bill and cross-bill of Mary A. Nash; that in this way money could be obtained at once with which to pay said indebtedness, and give your orator, W. A. Paulsen, the time specified in said note to pay same, and at the same time be freed from the personal liability for said indebtedness of Spring Motor Co.; that Mary A. Nash, mother-in-law of said Becker, knew that said note and trust deed were without consideration, and the purpose for which the same were made, and was informed and knew of the whole transaction relating to trade between said Becker and W. A. Paulsen, and terms upon which said exchange was made; that at time the warranty deed was executed and delivered by said Becker to W. A. Paulsen, said Becker did not deliver possession of said premises to your orator, W. A. Paulsen, but refused so to do, and remained in possession thereof, collecting rents and appropriating the same to his own use, up to December 15, 1895, and that afterward the property was placed in the hands of the receiver in this case, and that said receiver, Chicago Title and Trust Co., is now in possession thereof, receiving and collecting rents, etc.; that when said note and trust deed were executed, your orators were not informed as to true date thereof and the time the same were to run, until said note had run sixty days, and when orators discovered that note ran for so short a time they requested of

Paulsen v. Haskin.

said Becker that he extend the note one year, so that note might be more readily sold, and that it was expressly agreed between said Thomas C. Nash, Louis A. Becker and your orator W. A. Paulsen, that said note should be extended one year, and that such extension should be indorsed upon back of note. Orators further show that said Becker and Nash did not do as they agreed and extend time of payment of said note in writing, but did orally extend time of payment, by reason of which said note is not yet due.

Orators say that said Becker did not dispose of said $5,000 note and trust deed, and with proceeds pay off said indebtedness of Spring Motor Co., but wholly refused to do so, nor has said Becker in any way made an effort to pay same as agreed and still refuses to pay same, and refuses to in any way carry out his said agreement; that only purpose for making said note and trust deed was for purposes aforesaid; that as between said Becker and Mary A. Nash there is absolutely no consideration for said note and trust deed, and was so understood and agreed between said Becker and Nash, and that none of indebtedness aforesaid has been paid by said Becker or Nash, nor have they in any way attempted to carry out their agreement to raise said money and pay said indebtedness and consummate the trade between said Becker, Mary A. and Thomas C. Nash, and your orator W. A. Paulsen, said Thomas C. Nash being the real owner of said premises, as hereinbefore stated. Orators show and charge the fact to be that said Becker and Mary A. Nash, conspiring to cheat and defraud your orators, caused said note and trust deed to be transferred and assigned to said Mary A. Nash and by her held until the same became due, and then filed her said cross-bill to foreclose same and enforce the payment of said note, and declare the same a valid lien on said premises; that said Mary A. Nash now admits that no consideration passed between her and said Becker for making of said note, but notwithstanding that fact she, said Mary A. Nash, is now trying to compel your orator W. A. Paulsen to pay same and declare same to be a valid lien on said premises; that indebtedness of said Spring

Motor Co. still remains unpaid; that orator Junius V. Paulsen has been sued at law for a large amount of said indebtedness; that he is being pressed by creditors for payment thereof; that said J. V. Paulsen will be compelled to pay said indebtedness on account of the failure of said Becker to pay same as per said agreement, and on account of failure of said Becker and Mary A. Nash to comply with their agreement, your orators have refused to pay said note. Further, orators say that said Louis A. Becker is now in possession of property belonging to said Spring Motor Co.; that he has in no way carried out said agreement; that orator J. V. Paulsen is being annoyed and harassed by creditors of said company, and that said Becker and Mary A. Nash, intending to defeat and defraud your orators, now seek in said cross-bill, to foreclose said note and trust deed."

To this cross-bill demurrers by both Mary A. Nash and by the original complainants were sustained.

Such action was clearly right as to the original complainants against whom the cross-bill asked no relief, and who were in no manner concerned with the issues raised by it. And it was not error to sustain the demurrer of Mary A. Nash. The Paulsens were not entitled to the affirmative relief they asked, except by a rescission of the entire contract, although they might be in a position where they could defend from affirmative relief against themselves without a rescission. The joint and several answer of the Paulsens to the cross-bill of Mary A. Nash set up substantially the same facts as did their cross-bill. But the master refused to admit any evidence that was offered by the appellants in support of their answer, and the court sustained the master's report. The important question then is, do the facts as set up in the cross-bill quoted from, which constitute in substance the defense set up in the answer, make out a meritorious defense?

If the answer be true, the only consideration for Paulsen assuming the additional incumbrance of $5,000 on the premises, was to enable Becker, by means of that incumbrance,

to raise money by a sale of the note to pay debts against the property traded to him, and for which the Paulsens, or one of them, were liable.

This, Becker has not done, and both he and Mary A. Nash refuse to do. W. A. Paulsen, by assuming and agreeing to pay this note as a part of the purchase price which he agreed to pay for the flats, will be required to pay five thousand dollars more than his contract price, if neither Becker nor Nash pay the debts agreed to be paid from the proceeds of the note; and if, as alleged, Mary A. Nash paid no consideration to Becker for the note, she should not be permitted to foreclose for it until, at least, she shall apply the amount of it to paying said debts.

We think it was error to refuse to permit the Paulsens to prove, if they could, the defense they had set up in their answer, and the decree, in so far as it orders a sale and foreclosure under the cross-bill of Mary A. Nash, is reversed and the cause remanded, but in all other respects the decree is affirmed.